28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elizabeth CASTILLO, aka Jane Doe, Sindy Liliana Coloma
Franco, Defendant-Appellant.
 No. 93-50557.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1994.*
Decided June 13, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sindy L. Coloma, aka Elizabeth Castillo and Jane Doe, appeals the district court's partial denial of her motion to suppress evidence following her conviction for making false statements on a passport application. We affirm.
 
 
 3
 Coloma contends that the district court erred when it declined to suppress evidence obtained from a government investigation as the fruit of an illegal interrogation. She specifically argues that the district court erred when it applied the independent source exception to the exclusionary rule. The independent source doctrine permits the admission of evidence that is found by legal means unrelated to the illegal search. United States v. Ramirez-Sandoval, 872 F.2d 1392, 1396 (9th Cir.1989).
 
 
 4
 In order for evidence to be suppressed as fruit of an illegal search, there must be a "causal connection between the illegality and the evidence." United States v. Foppe, 993 F.2d 1444, 1449 (9th Cir.1993) (citation omitted). This court has held that "evidence will not be excluded as 'fruit' unless the illegality is at least the 'but for' cause of the discovery of the evidence." United States v. Holzman, 871 F.2d 1496, 1513 (9th Cir.1989) (quoting Segura v. United States, 468 U.S. 796, 815 (1984)). The appellant submitted her passport application with the false information utilized by the government investigators prior to the illegal interrogation. Therefore, the government would not have been ignorant of this information but for the illegal interrogation, since the relevant information was available to the government before the interrogation ever took place.
 
 
 5
 Coloma also contends that the government would not have continued its investigation but for the illegal interrogation. The district court found that the government would have conducted further investigation regardless of appellant's responses to their interrogation. We conclude that the district court's finding of fact that the investigators would have followed up on the information in the passport application, even if appellant had not shown up for her appointment, is not clearly erroneous.
 
 
 6
 Finally, before entering an order to suppress evidence following a tainted search, the court "must ask further 'whether the illegal activity tends to significantly direct the investigation to the evidence in question.' " United States v. Foppe, 993 F.2d 1444, 1449 (9th Cir.1993) (citation omitted). The illegal interrogation of the appellant in this case did not significantly direct the government agents' investigation. Agent Root merely called the relevant government agencies to verify the information contained in appellant's passport application. Appellant did not provide any information during the interrogation that the government agents used in their subsequent investigation.
 
 
 7
 The district court properly applied the independent source exception to the exclusionary rule and, therefore, its order is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3